3400

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| G.B.,<br><br>    Plaintiff,<br><br>    v.<br><br>JADE NAILS HAIR SPA,<br>  a/k/a JADE HAIR & NAIL SALON,<br>  a/k/a JADE NAIL SALON,<br>  a/k/a JADE NAILS AND SPA,<br>  a/k/a JADE NAILS & MASSAGE SPA,<br>  a/k/a JADE HAIR SALON,<br>ALLEN NHIN, LARKEN ASSOCIATES, A<br>LIMITED PARTNERSHIP, and JOHN AND<br>JANE DOES (A-Z), JOHN DOE CORPORATIONS<br>(A-Z), JOHN DOE PARTNERSHIPS (A-Z),<br>JOHN DOE LIMITED LIABILITY COMPANIES<br>(A-Z), JOHN DOE BUSINESS COMPANIES<br>(A-Z), JOHN DOE BUSINESS ENTITIES (A-<br>Z), JOHN DOE SOLE PROPRIETORSHIPS (A-<br>Z), AND/OR JOHN DOE JOINT VENTURES (A-<br>Z),<br><br>    Defendants. | 19-6093<br><br>CIVIL ACTION NO.<br><br>FILED<br>DEC 2 4 2019<br>KATE BARKMAN, Clerk<br>By____Dep. Clerk |

## COMPLAINT

Plaintiff JANE DOE (hereinafter, the "Plaintiff"), by and through her undersigned counsel, hereby alleges as follows:

### PARTIES

1.    The Plaintiff is G.B., a natural person and a resident of Altadena, California. Due to the sensitive nature of the allegations herein, particularly given the descriptions of the sexual assault, G.B. is proceeding under a pseudonym to protect

1



her privacy, and would ask this Court to allow her to continue to proceed under this pseudonym.

2.     Defendant Jade Nails Hair Spa a/k/a Jade Hair & Nail Salon, a/k/a Jade Nail Salon, a/k/a Jade Nails and Spa, a/k/a Jade Nails & Massage Spa, (Hereinafter, "Jade Spa") is a business entity that provides hair, nails, massage, and spa services at its principal place of business at 1408 Hanover Ave., Allentown, Pennsylvania 18109, in the Allentown Commons shopping center in Lehigh County.

3.     Defendant Lan Henh Nhin, a/k/a Allen Nhin (hereinafter, "Nhin") is a natural person and a resident of either or both Philadelphia, Pennsylvania and Troy, New York.

4.     Defendant Larken Associates, A Limited Partnership (hereinafter, "Larken Associates") is a New Jersey Limited Partnership which has its primary place of business at 1250 Route 28, Suite 101, Branchburg, New Jersey 08876.

5.     Defendants John and Jane Does (A-Z) are fictitious and unidentified individuals who have or had, at the time of the incidents that are the basis for this Complaint, ownership, control, and/or act or acted in a managerial or supervisory capacity of Defendant Jade Spa.

6.     Defendants John Doe Corporations (A-Z), John Doe Partnerships (A-Z), John Doe Limited Liability Companies (A-Z), John Doe Business Companies (A-Z), John Doe Business Entities (A-

2

Z), John Doe Sole Proprietorships (A-Z), and/or John Doe Joint Ventures (A-Z), (hereinafter collectively, the "Doe Defendants") are fictitious and unidentified individuals, corporations, partnerships, limited liability companies, companies, and business entities whose true names are not now known to Plaintiffs that may have caused events to occur, or otherwise have vicarious liability for the damages incurred, in which Plaintiff's cause of action arose.

7.     At all relevant times, the Defendants, Jade Spa, Nhin, John and Jane Does (A-Z), ABC Corporations (A-Z), XYZ Partnerships (A-Z), John Doe Limited Liability Companies (A-Z), John Doe Business Companies (A-Z), John Doe Business Entities (A-Z), John Doe Sole Proprietorships (A-Z), and/or John Doe Joint Ventures (A-Z) (hereinafter collectively, the "Defendants") transacted business in the Eastern District of Pennsylvania.

8.     The Plaintiff will seek leave of Court to amend the Complaint to allege the true names and capacities of the defendants sued herein as John and Jane Does (A-Z), ABC Corporations (A-Z), XYZ Partnerships (A-Z), John Doe Limited Liability Companies (A-Z), John Doe Business Companies (A-Z), John Doe Business Entities (A-Z), John Doe Sole Proprietorships (A-Z), and/or John Doe Joint Ventures (A-Z), once the true identities of these defendants become known to Plaintiff.

3

## JURISDICTION AND VENUE

9.   Diversity jurisdiction is proper in this case, pursuant to 28 U.S.C. § 1332, as the Plaintiff is a California resident, and the Defendants are Pennsylvania, New Jersey, and New York residents, and the amount in controversy exceeds $75,000.00.

10.   Venue is proper under 28 U.S.C. § 1391(b)(2) in that all or a substantial part of the events giving rise to the Plaintiff's claims occurred in the Eastern District of Pennsylvania.

## FACTUAL BACKGROUND

11.   In December of 2017, the Plaintiff, Gloria Bailey, was in Allentown, Pennsylvania, visiting family.

12.   On or about December 24, 2017, the Plaintiff, her daughter, and her niece visited Defendant Jade Spa, then operating under the name "Jade Hair and Nail Spa", located at 1408 Hanover Ave., Allentown, Pennsylvania 18109, in Lehigh County.

13.   At the time, the Plaintiff sought massage therapy for neck and back pain.

14.   The massage therapist who offered to do the procedure was Defendant Nhin.

15.   The Plaintiff was led to a massage room, away from the public view of other customers.

16.   Nhin then began massaging the Plaintiff's neck, but then moved down to begin massaging her breasts.

4

17.   At the time, the Plaintiff believed that, although the touching was inappropriate, Nhin was a "professional", and so she believed that perhaps this was part of a legitimate massage therapy procedure.

18.   Nhin then touched the Plaintiff's nipples, at which point she began to become concerned that perhaps Nhin was deliberately touching her in a sexual manner.

19.   However, then Nhin moved away from the Plaintiff's breasts and nipples and moved down towards her pelvis.

20.   Nhin then moved lower and lower, until he had reached the top part of the Plaintiff's vagina, at which point she forcefully stopped him from touching her genitalia further.

21.   The Plaintiff, scared, frightened, and hoping for a quick end to this outrageous behavior, waited until Nhin had completed the massage, and then quickly exited the business.

22.   Because she was out of town and on vacation, the Plaintiff tried to forget the incident, as it caused her severe mental and emotional pain.

23.   The Plaintiff called her boyfriend back in California and discussed the matter with him.

24.   Over the next year, the Plaintiff struggled with whether or not she should report the incident to law enforcement.

25.   On or about December of 2018, when the Plaintiff was again visiting family in Allentown, Pennsylvania, she decided to report the incident.

26.   The Plaintiff then contacted the Allentown Police Department and completed a report.

27.   The Plaintiff was then contacted by a detective from the Allentown Police Department, who launched an investigation.

28.   The case was forwarded to the Special Victim's Unit (hereinafter, the "SVU").

29.   Over the next few months, the investigation continued, and the SVU contacted and took statements from the Plaintiff's niece and boyfriend.

30.   The Plaintiff was brought in to view a line-up of suspects, and she picked out Defendant Nhin from the line-up.

31.   On or about October 10, 2019, the Plaintiff met with the prosecutor (hereinafter, the "DA") assigned to the case.

32.   The DA advised the Plaintiff that Nhin had been prosecuted previously for doing the same kind of behavior, and as a result he had been sentenced to probation.

33.   On or about July of 2016, Nhin was arrested and charged with aggravated indecent assault without consent, indecent assault without consent and attempted aggravated indecent assault, in connection with a similar incident involving an unknown victim on or about July 6, 2016.

6

**DAMAGES**

34.   As a result of the Defendants' behavior, the Plaintiff has suffered a variety of physical and mental ailments, including but not limited to, the following:

      a. chronic pain;

      b. depression;

      c. anxiety;

      d. an aversion to being massaged by men;

      e. constant unwelcome thoughts about the incident; and

      f. nightmares and loss of sleep.

**COUNT I**
**ASSAULT**
**(NHIN)**

35.   The Plaintiff hereby incorporates all preceding Paragraphs of this Complaint as if the same were fully set forth herein.

36.   Defendant Nhin acted with the unprivileged intent to put the Plaintiff in reasonable and immediate apprehension of a harmful or offensive conduct and did in fact cause such apprehension.

37.   The Plaintiff has suffered, and continues to suffer, damages by reason of Defendant Nhin's conduct, including but not limited to chronic pain; depression; anxiety; an aversion to being massaged by men; constant unwelcome thoughts about the incident; and nightmares and loss of sleep.

WHEREFORE, Plaintiff Gloria Bailey hereby demands judgment in her favor and against Defendant Nhin, in an amount sufficient to compensate her for the injuries she has suffered, including actual damages, compensatory damages, punitive damages, medical expenses, and all other amounts necessary to compensate her for Defendant Nhin's tortious conduct, costs including reasonable attorney's fees, pre-judgment and post-judgment interest, and any and all other relief this Honorable Court deems just and appropriate.

### COUNT II
### BATTERY
### (NHIN)

38.   The  Plaintiff  hereby  incorporates  all  preceding Paragraphs of this Complaint as if the same were fully set forth herein.

39.   Defendant  Nhin  intentionally  caused  a  harmful  or offensive contact with the Plaintiff, resulting from an act intended to cause the Plaintiff to suffer such a contact, or apprehension that such a contact is imminent.

40.   The Plaintiff has suffered, and continues to suffer, damages by reason of Defendant Nhin's conduct, including but not limited to chronic pain; depression; anxiety; an aversion to being massaged by men; constant unwelcome thoughts about the incident; and nightmares and loss of sleep.

WHEREFORE, Plaintiff Gloria Bailey hereby demands judgment in her favor and against Defendant Nhin, in an amount sufficient to

8

compensate her for the injuries she has suffered, including actual damages, compensatory damages, punitive damages, medical expenses, and all other amounts necessary to compensate her for Defendant Nhin's tortious conduct, costs including reasonable attorney's fees, pre-judgment and post-judgment interest, and any and all other relief this Honorable Court deems just and appropriate.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (NHIN)

41.   The Plaintiff hereby incorporates all preceding Paragraphs of this Complaint as if the same were fully set forth herein.

42.   Nhin, by extreme and outrageous conduct as described herein relating to the events of December 24, 2017, intentionally and/or recklessly caused the Plaintiff severe emotional distress.

43.   The Plaintiff has suffered, and continues to suffer, damages by reason of Defendant Nhin's conduct, including but not limited to chronic pain; depression; anxiety; an aversion to being massaged by men; constant unwelcome thoughts about the incident; and nightmares and loss of sleep.

WHEREFORE, Plaintiff Gloria Bailey hereby demands judgment in her favor and against Defendant Nhin, in an amount sufficient to compensate her for the injuries she has suffered, including actual damages, compensatory damages, punitive damages, medical expenses, and all other amounts necessary to compensate her for Defendant

9

Nhin's tortious conduct, costs including reasonable attorney's fees, pre-judgment and post-judgment interest, and any and all other relief this Honorable Court deems just and appropriate.

## COUNT IV
## NEGLIGENT SUPERVISION AND HIRING
### (DEFENDANTS JADE SPA AND DOE DEFENDANTS)

44.    The   Plaintiff   hereby   incorporates   all   preceding Paragraphs of this Complaint as if the same were fully set forth herein.

45.    Defendants   Jade   Spa   and   Doe   Defendants   failed   to exercise ordinary care to prevent an intentional harm by an employee, Nhin, acting outside the scope of his employment.

46.    The acts of employee Nhin on December 24, 2017 and constituting   the   basis   of   the   causes   of   action   herein   were committed   on   the   employer's,   Defendants   Jade   Spa   and   Doe Defendants', premises.

47.    The employer, Defendants Jade Spa and Doe Defendants, knew or had reason to know of the necessity and ability to control the employee.

48.    The Plaintiff has suffered, and continues to suffer, damages by reason of Defendants Jade Spa and Doe Defendants' conduct, including but not limited to chronic pain; depression; anxiety; an aversion to being massaged by men; constant unwelcome thoughts about the incident; and nightmares and loss of sleep.

10

WHEREFORE, Plaintiff Gloria Bailey hereby demands judgment in her favor and against Defendants Jade Spa and Doe Defendants, in an amount sufficient to compensate her for the injuries she has suffered, including actual damages, compensatory damages, punitive damages, medical expenses, and all other amounts necessary to compensate her for the Defendants Jade Spa and Doe Defendants' tortious conduct, costs including reasonable attorney's fees, pre-judgment and post-judgment interest, and any and all other relief this Honorable Court deems just and appropriate.

## COUNT V
### NEGLIGENCE
### (DEFENDANTS JADE SPA AND DOE DEFENDANTS)

49. The Plaintiff hereby incorporates all preceding Paragraphs of this Complaint as if the same were fully set forth herein.

50. Defendants Jade Spa and Doe Defendants, in their individual respective capacities, had a duty to act with ordinary care toward the Plaintiff.

51. Defendants Jade Spa and Doe Defendants, in their individual respective capacities, breached their duty of care to the Plaintiff, subjecting her to sexual abuse, battery, assault, and other unwelcome and tortious conduct.

52. The conducts of Defendants Jade Spa and Doe Defendants, in their respective individual capacities, proximately caused damages to the Plaintiff.

53.  The Plaintiff has suffered, and continues to suffer, damages by reason of Defendants Jade Spa and Doe Defendants' conduct, including but not limited to chronic pain; depression; anxiety; an aversion to being massaged by men; constant unwelcome thoughts about the incident; and nightmares and loss of sleep.

WHEREFORE, Plaintiff Gloria Bailey hereby demands judgment in her favor and against Defendants Jade Spa and Doe Defendants, in an amount sufficient to compensate her for the injuries that she has suffered, including actual damages, compensatory damages, punitive damages, medical expenses, and all other amounts necessary to compensate her for the Defendants Jade Spa and Doe Defendants' tortious conduct, costs including reasonable attorney's fees, pre-judgment and post-judgment interest, and any and all other relief this Honorable Court deems just and appropriate.

## COUNT VI
### VICARIOUS LIABILITY
### (DEFENDANTS JADE SPA AND DOE DEFENDANTS)

54.  The Plaintiff hereby incorporates all preceding Paragraphs of this Complaint as if the same were fully set forth herein.

55.  At all times material to the facts of the incidents in this Complaint, Defendants Jade Spa and Doe Defendants employed Nhin.

56.  Nhin was under the direct supervision, employ, and control of Defendants Jade Spa and Doe Defendants when he committed the wrongful and negligent acts described herein.

57.  Nhin engaged in this conduct while acting in the course and scope of his employment with the Defendants Jade Spa and Doe Defendants and/or accomplished the sexual abuse by virtue of his job-created apparent authority.

58.  Defendants Jade Spa and Doe Defendants granted Nhin authority to perform as their agent and held Nhin out to the public and community as their fit and competent agent.

59.  Nhin committed the acts alleged within the apparent authority arising from his agency.

60.  Said conduct was undertaken in the course and scope of Nhin's employment with Defendants Jade Spa and Doe Defendants and/or was ratified by Defendants Jade Spa and Doe Defendants

61.  Nhin was acting at least in part to serve the interests of his employer when he committed the sexual abuse.

62.  Specifically, Nhin was acting as an agent, as well as using the trust, power and authority of the position granted, while he was with the Plaintiff.

63.  Simultaneously, Nhin used that same power and authority to gain Plaintiff's confidence and trust and to sexually abuse Plaintiff.

64.   By using his position and the trust, power and authority of the position conferred on him, Nhin purported to act on behalf of Defendants Jade Spa and Doe Defendants when he committed the tortious acts alleged herein.

65.   Plaintiff further relied upon Nhin's apparent authority to act on behalf of Defendants Jade Spa and Doe Defendants.

66.   The sexual abuse of a patron of Defendants Jade Spa and Doe Defendants by Nhin was a foreseeable hazard.

67.   On information and belief, Defendants Jade Spa and Doe Defendants knew that Nhin had previously been arrested for similar sexual crimes occurring on their premises in July of 2016.

68.   Defendants Jade Spa and Doe Defendants are liable for the negligent and wrongful conduct of Nhin under the law of vicarious liability, including the doctrine of respondeat superior.

69.   The Plaintiff has suffered, and continues to suffer, damages by reason of Nhin's conduct, conducted as an agent and/or employee of Defendants Jade Spa and Doe Defendants, including but not limited to chronic pain; depression; anxiety; an aversion to being massaged by men; constant unwelcome thoughts about the incident; and nightmares and loss of sleep.

WHEREFORE, Plaintiff Gloria Bailey hereby demands judgment in her favor and against Defendants Jade Spa and Doe Defendants, in an amount sufficient to compensate her for the injuries that she

14

has suffered, including actual damages, compensatory damages, punitive damages, medical expenses, and all other amounts necessary to compensate her for the Defendants Jade Spa and Doe Defendants' tortious conduct, costs including reasonable attorney's fees, pre-judgment and post-judgment interest, and any and all other relief this Honorable Court deems just and appropriate.

## COUNT VII
### SEX TRADE LIABILITY
### 18 Pa.C.S.A. § 3051(a)(2)(i) – PROFIT FROM SEX TRADE
### (DEFENDANTS JADE SPA AND DOE DEFENDANTS)

70. The Plaintiff hereby incorporates all preceding Paragraphs of this Complaint as if the same were fully set forth herein.

71. At all times material to the facts of the incidents in this Complaint, Defendants Jade Spa and Doe Defendants employed Nhin.

72. Nhin was under the direct supervision, employ, and control of Defendants Jade Spa and Doe Defendants when he committed the wrongful and negligent acts described herein.

73. On information and belief, Defendants Jade Spa and Doe Defendants knew that Nhin had previously been arrested for similar sexual crimes occurring on their premises in July of 2016.

74. Defendants Jade Spa and Doe Defendants are liable under 18 Pa.C.S.A. § 3051(a)(2)(i) as they have knowingly profited from

15

the acts suffered by the Plaintiff, pursuant to 18 Pa.C.S.A. § 3051(b)(3).

75. The Plaintiff has suffered, and continues to suffer, damages by reason of Nhin's conduct, conducted as an agent and/or employee of Defendants Jade Spa and Doe Defendants, including but not limited to chronic pain; depression; anxiety; an aversion to being massaged by men; constant unwelcome thoughts about the incident; and nightmares and loss of sleep.

WHEREFORE, Plaintiff Gloria Bailey hereby demands judgment in her favor and against Defendants Jade Spa and Doe Defendants, in an amount sufficient to compensate her for the injuries that she has suffered, including actual damages, compensatory damages, punitive damages, medical expenses, and all other amounts necessary to compensate her for the Defendants Jade Spa and Doe Defendants' tortious conduct, costs including reasonable attorney's fees, pre-judgment and post-judgment interest, and any and all other relief this Honorable Court deems just and appropriate.

## COUNT VIII
### SEX TRADE LIABILITY
### 18 Pa.C.S.A. § 3051(a)(2)(i) – PROFIT FROM SEX TRADE
### (LARKEN ASSOCIATES)

76. The Plaintiff hereby incorporates all preceding Paragraphs of this Complaint as if the same were fully set forth herein.

16

77.  At all times material to the facts of the incidents in this Complaint, Defendants Jade Spa rented space from Larken Associates and operated openly to the public from that space.

78.  On information and belief, Defendant Larken Associates knew or should have known that Nhin had previously been arrested for similar sexual crimes occurring on their premises in July of 2016.

79.  Defendant Larken Associates is liable under 18 Pa.C.S.A. § 3051(a)(2)(i) as they have profited from the acts suffered by the Plaintiff, and knowingly provided goods or services to Nhin, Jade Spa and the Doe Defendants, pursuant to 18 Pa.C.S.A. § 3051(b)(1).

80.  The Plaintiff has suffered, and continues to suffer, damages by reason of Nhin's conduct, conducted as an agent and/or employee of Defendants Jade Spa and Doe Defendants, while Jade Spa rented the property from Larken Associates, including but not limited to chronic pain; depression; anxiety; an aversion to being massaged by men; constant unwelcome thoughts about the incident; and nightmares and loss of sleep.

WHEREFORE, Plaintiff Gloria Bailey hereby demands judgment in her favor and against Defendants Jade Spa and Doe Defendants, in an amount sufficient to compensate her for the injuries that she has suffered, including actual damages, compensatory damages, punitive damages, medical expenses, and all other amounts

necessary to compensate her for the Defendants Jade Spa and Doe Defendants' tortious conduct, costs including reasonable attorney's fees, pre-judgment and post-judgment interest, and any and all other relief this Honorable Court deems just and appropriate.

### CLAIM FOR RELIEF

WHEREFORE, the Plaintiff, Gloria Bailey, hereby demands judgment against the Defendants as follows:

a. On Count I (Assault), judgment against the Defendant, jointly and severally, for damages sustained by the Plaintiff, in an amount sufficient to compensate her for the injuries she has suffered, including actual damages, compensatory damages, medical expenses, and all other amounts necessary to compensate her for Defendant Nhin's tortious conduct, punitive damages, costs including reasonable attorney's fees, pre-judgment and post-judgment interest, and any and all other relief this Honorable Court deems just and appropriate.

b. On Count II (Battery), judgment against the Defendant, jointly and severally, for damages sustained by the Plaintiff, in an amount sufficient to compensate her for the injuries she has suffered, medical expenses, and all other amounts necessary to compensate her for Defendant Nhin's tortious conduct, including actual damages,

18

compensatory damages, punitive damages, costs including reasonable attorney's fees, pre-judgment and post-judgment interest, and any and all other relief this Honorable Court deems just and appropriate.

c. On Count III (Intentional Infliction of Emotional Distress), judgment against the Defendant, jointly and severally, for damages sustained by the Plaintiff, in an amount sufficient to compensate her for the injuries she has suffered, medical expenses, and all other amounts necessary to compensate her for Defendant Nhin's tortious conduct, including actual damages, compensatory damages, punitive damages, costs including reasonable attorney's fees, pre-judgment and post-judgment interest, and any and all other relief this Honorable Court deems just and appropriate.

d. On Count IV (Negligent Supervision and Hiring), judgment against the Defendants Jade Spa and Doe Defendants, jointly and severally, for damages sustained by the Plaintiff, in an amount sufficient to compensate her for the injuries she has suffered, medical expenses, and all other amounts necessary to compensate her for Defendant Nhin's tortious conduct, including actual damages, compensatory damages, punitive damages, costs including reasonable attorney's fees, pre-judgment and post-judgment interest, and any and

all other relief this Honorable Court deems just and appropriate.

e. On Count V (Negligence), judgment against the Defendants Jade Spa and Doe Defendants, jointly and severally, for damages sustained by the Plaintiff, in an amount sufficient to compensate her for the injuries she has suffered, medical expenses, and all other amounts necessary to compensate her for Defendant Nhin's tortious conduct, including actual damages, compensatory damages, punitive damages, costs including reasonable attorney's fees, pre-judgment and post-judgment interest, and any and all other relief this Honorable Court deems just and appropriate.

f. On Count VI (Vicarious Liability), judgment against the Defendants Jade Spa and Doe Defendants, jointly and severally, for damages sustained by the Plaintiff, in an amount sufficient to compensate her for the injuries she has suffered, medical expenses, and all other amounts necessary to compensate her for Defendant Nhin's tortious conduct, including actual damages, compensatory damages, punitive damages, costs including reasonable attorney's fees, pre-judgment and post-judgment interest, and any and all other relief this Honorable Court deems just and appropriate.

g. On Count VII (Sex Trade Liability), judgment against the Defendants Jade Spa and Doe Defendants, jointly and severally, for damages sustained by the Plaintiff, in an amount sufficient to compensate her for the injuries she has suffered, medical expenses, and all other amounts necessary to compensate her for Defendant Nhin's tortious conduct, including actual damages, compensatory damages, punitive damages, costs including reasonable attorney's fees, pre-judgment and post-judgment interest, and any and all other relief this Honorable Court deems just and appropriate.

h. On Count VIII (Sex Trade Liability), judgment against the Defendant Larken Associates, jointly and severally, for damages sustained by the Plaintiff, in an amount sufficient to compensate her for the injuries she has suffered, medical expenses, and all other amounts necessary to compensate her for Defendant Nhin's tortious conduct, conducted while he acted as an agent or employee of Jade Spa and Doe Defendants, and while Jade Spa rented from Larken Associates, including actual damages, compensatory damages, punitive damages, costs including reasonable attorney's fees, pre-judgment and post-judgment interest, and any and all other relief this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff Gloria Bailey demands a trial by Jury on all issues so triable, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: December 24, 2019        Respectfully Submitted,

CHRISTOPHER BOOTH, ESQUIRE
**The Booth Law Firm**
Atty ID 59395
1835 Market Street
Suite 2950
Philadelphia, PA 19103
(215)518-6683
christopher@theboothlawfirm.com
*Attorney for Plaintiff*