IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| G.B., | : | |
|         Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:19-cv-06093-JMG |
| | : | |
| JADE NAILS HAIR SPA, *et al.,* | : | |
|         Defendants. | : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                                          **March 15, 2021**

Pennsylvania's human trafficking statute allows victims to seek civil remedies against individuals who profit from the sex trade. 18 PA. CONS. STAT. § 3051(a)(2)(i). Plaintiff G.B. alleges that she is entitled to relief under this statute because she was sexually assaulted during a massage at Jade Nails Hair Spa ("Jade Nails"). She brings claims against Jade Nails, her attacker, as well as Larken Associates ("Larken"), the purported landlord of the property rented by Jade Nails. Before the Court is Defendant Larken's motion to dismiss for failure to state a claim. ECF No. 12. For the following reasons, the Court grants Defendant Larken's Motion to Dismiss without prejudice, with leave for Plaintiff to amend the Complaint.[1]

**I.     FACTUAL ALLEGATIONS**[2]

In December 2017, G.B. was visiting family in Allentown, Pennsylvania, when she decided to get a massage for her neck and back pain. Compl. ¶¶ 11–13, ECF No. 1. She went to Jade

---

[1] The court should freely give leave to amend the complaint when justice so requires. FED. R. CIV. P. 15(a)(2). With regards to complaints subject to dismissal under Rule 12(b)(6), "a district court must permit a curative amendment, unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

[2] In reviewing this motion, the Court "accept[s] all factual allegations as true" and "construe[s] the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Nails, a spa that rented space from Larken.[3]  *Id.* ¶ 77.  A male masseuse, Allen Nhin ("Nhin"), offered to perform the massage.  *Id.* ¶ 14.  The massage started normally, but Nhin then started massaging G.B.'s breasts.  *Id.* ¶ 16.  He touched her nipples and proceeded down her body until he reached her genitalia.  *Id.* ¶¶ 17–20.  At that point, G.B. forcibly stopped Nhin from touching her genitalia any further.  *Id.* ¶ 20.  "[S]cared, frightened, and hoping for a quick end to this outrageous behavior," G.B. waited until Nhin completed the massage before she left Jade Nails.  *Id.* ¶ 21.

G.B. ultimately reported the incident to the Allentown Police Department in December 2018.  *Id.* ¶¶ 22–26.  The Allentown Special Victim's Unit began an investigation, during which G.B. learned that Nhin had previously been sentenced to probation for a similar incident.  *Id.* ¶ 27–33.

## II.   LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible, and survives dismissal, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 177 (3d Cir. 2010) ("[T]here

---

[3] Larken disputes this allegation, claiming instead that "the landlord for the premises rented by Defendant Jade Spa was Hanover Avenue Partners, LLC."  Def.'s Mot. 5, ECF No. 12-1.  Larken apparently provided this information, alongside "a copy of the appropriate lease," to G.B.'s counsel.  *Id.*  The "appropriate lease" is not attached to Larken's motion and, in any event, the Court need not resolve the motion on the basis of mistaken identity.  *See Strike 3 Holdings, LLC v. Doe*, No. 1:18-cv-2674-NLH-JS, 2020 WL 3567282, at *6 (D.N.J. June 30, 2020) ("[D]etermining whether the defendant named in an action is in fact the defendant against whom liability will ultimately stand necessarily implicates an analysis of material outside the four-corners of the complaint, and considering whether the pled defendant is the wrong defendant at the pleading stage is inappropriate.").

must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234–35 (3d Cir. 2008))).

Courts in the Third Circuit evaluate the sufficiency of a complaint under a three-step framework. The court must first "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675). Next, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679); *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("[M]ere restatements of the elements of [a] claim [] . . . are not entitled to the assumption of truth." (internal quotation marks and citations omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679).

## III. DISCUSSION

G.B. brings one claim against Larken under Pennsylvania's human trafficking statute. She alleges that Larken is liable because it not only knew (or should have known) about Nhin's prior arrest for a sex crime, but also because it "profited from" G.B.'s assault at Jade Nails. *See* Compl. ¶¶ 76–80, ECF No. 1. Larken contends that G.B. has not "alleged facts that support a claim that she was subjected to human trafficking." Def.'s Mot. 16, ECF No. 12-1. In the alternative, Larken argues that it falls within the safe harbor provision of the Pennsylvania statute and so cannot be held liable. *See id.* at 13–15. The Court agrees with Larken and finds that G.B. has failed to state a claim for which relief can be granted.

Our first task is to identify the elements G.B. must plead to state her claim against Larken. *See Connelly*, 809 F.3d at 787. Under Pennsylvania's human trafficking statute, "[a]n individual

3

who is a victim of the sex trade may bring a civil action . . . against a person that . . . recruits, profits from or maintains the victim in any sex trade act." 18 PA. CONS. STAT. § 3051(a)(2)(i). As relevant here, the statute defines a "victim of the sex trade" as an individual who has "been intended or compelled to engage in a sex act." *Id.* § 3051(k).  A "sex act" is further defined as any "touching or exposure of the sexual or other intimate parts of any individual for the purpose of gratifying sexual desire of any individual." *Id.* § 3001.  And "sex trade" is defined as "[a]n act, which if proven beyond a reasonable doubt, could support a conviction for violation or attempted violation of Chapter 59 (relating to public indecency) or section 6312 (relating to sexual abuse of children)." *Id.* § 3051(k).

At the outset, the parties dispute whether G.B. qualifies as a victim eligible to sue under the statute.  Larken argues that G.B. is not a victim of human trafficking.  Def.'s Mot. 9–13, ECF No. 12-1.  But, as G.B. correctly recognizes (Pl.'s Opp'n 9–10, ECF No. 16), Larken is focusing on the wrong section of the statute.  The statute distinguishes between, and creates separate causes of action for, a "victim of human trafficking" and a "victim of the sex trade." 18 PA. CONS. STAT. §§ 3051(a)(1)–(2).  It also provides separate definitions of a "victim of human trafficking" and a "victim of the sex trade." *Compare id.* § 3001 (defining "victim of human trafficking"), *with id.* § 3051(k) (defining "victim of the sex trade").[4]  G.B. brings her claim as a "victim of the sex trade," so we evaluate her complaint against that section of the statute.

Having set forth the elements of G.B.'s claim, we now turn to the factual allegations in her complaint.  G.B. contends that Larken "knew or should have known that Nhin had previously been

---

[4] Under Pennsylvania law, a "victim of human trafficking" is an "individual who has been subjected to human trafficking." 18 PA. CONS. STAT. § 3001.  In short, a person "has been subjected to human trafficking" if they have been placed in involuntary servitude, labor servitude, or sexual servitude. *See id.* §§ 3001, 3011, 3012.  G.B. brings her claim as a "victim of the sex trade," so we need not decide whether she meets the statutory definition of a "victim of human trafficking."

arrested for similar sexual crimes occurring on their premises in July of 2016." Compl. ¶ 78, ECF No. 1. Larken, as Jade Nails's landlord, allegedly "profited from the acts suffered by" G.B. *Id.* ¶¶ 77, 79. These "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," cannot support a claim under Pennsylvania's human trafficking law. *Santiago v. Warminster Twp.*, 629 F.3d 121, 131 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). We cannot reasonably infer that Larken "profited" from any "sex trade act"[5] that occurred at Jade Nails, so we dismiss the complaint on this basis.

Further, an entity is liable under the Pennsylvania state law if it "*knowingly* markets or provides its goods or services to a person" who has engaged in sex trafficking. 18 PA. CONS. STAT. § 3051(b)(1) (emphasis added). Assuming that Larken "provides goods or services to the general public," G.B. does not plead facts demonstrating that Larken had actual knowledge of the alleged sex trafficking activities. *Id.* § 3051(b). At most, G.B. pleads that Larken had *constructive* knowledge of Nhin's prior sex crimes. This is insufficient under the statute. *See A.B. v. Marriott Int'l, Inc.*, 455 F. Supp. 3d 171, 199 (E.D. Pa. 2020) (finding that allegations supporting "constructive knowledge" do not establish civil liability under the Pennsylvania statute). "The Pennsylvania statute does not include 'should have known' language." *Id.* at 201.

## IV.  CONCLUSION

For the foregoing reasons, Defendant Larken's Motion to Dismiss is granted. Plaintiff will have the opportunity to amend the Complaint and allege with sufficient particularity facts supporting the allegation that Defendant Larken had actual knowledge of sex trafficking on the

---

[5] As noted above, the Pennsylvania statute does not define "sex trade act," but it does define "sex trade" as "[a]n act, which if proven beyond a reasonable doubt, could support a conviction for violation or attempted violation of Chapter 59 (relating to public indecency) or section 6312 (relating to sexual abuse of children)." 18 PA. CONS. STAT. § 3051(k). Without minimizing the disturbing nature of G.B.'s allegations, we cannot reasonably infer that G.B. was subjected to an act that meets this statutory definition.

premises. Accordingly, the Complaint is dismissed without prejudice. An appropriate order follows.

BY THE COURT:


*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge